1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL WILLIAM IRWIN,          ) 1:12-cv—00970-SKO-HC
                                   )
11              Petitioner,        ) ORDER DISMISSING THE PETITION
                                   ) WITHOUT LEAVE TO AMEND FOR
12                                 ) FAILURE TO STATE FACTS ENTITLING
         v.                        ) PETITIONER TO RELIEF (Doc. 1)
13                                 ) AND DECLINING TO ISSUE
     RALPH DIAZ, Warden,           ) A CERTIFICATE OF APPEALABILITY
14                                 )
                Respondent.        ) ORDER DIRECTING THE CLERK TO
15                                 ) CLOSE THE CASE
     _____)
16

17          Petitioner is a state prisoner proceeding pro se and in

18  forma pauperis with a petition for writ of habeas corpus pursuant

19  to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

20  Petitioner has consented to the jurisdiction of the United States

21  Magistrate Judge to conduct all further proceedings in the case,

22  including the entry of final judgment, by manifesting consent in

23  a signed writing filed by Petitioner on June 27, 2012 (doc. 5).

24  Pending before the Court is the petition, which was filed on June

25  15, 2012.

26          I.  <u>Screening the Petition</u>

27          Rule 4 of the Rules Governing § 2254 Cases in the United

28  States District Courts (Habeas Rules) requires that the Court

1

summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Background

Petitioner alleges that he is an inmate of the California Substance Abuse and Treatment Facility (CSATF) at Corcoran, California, who is serving a sentence of seven years to life plus

four years imposed in the San Bernardino County Superior Court in 1988 upon Petitioner's conviction of attempted first degree murder and second degree robbery with grave bodily injury and use of a deadly weapon in violation of Cal. Pen. Code §§ 664, 187, 212.5(b), 12022.7, and 12022(b).  (Pet. 1.)  Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on November 22, 2010, finding Petitioner unsuitable for parole for three years.  (Id. at 4.)

Petitioner's allegations and the transcript of the parole hearing submitted with the petition reveal that Petitioner attended the parole hearing before commissioners of the BPH on November 22, 2010, with his counsel, who advocated on his behalf; gave sworn responses to the BPH about various suitability factors; and made an extensive statement on his own behalf concerning his suitability for parole.  (Id. at 69, 71-72, 77-113, 122-25.)  At the commencement of the hearing, Petitioner's counsel acknowledged that all Petitioner's rights had been met, and counsel had received all pertinent documentation.  (Id. at 76.)

The transcript of the hearing also reflects that Petitioner was present at the conclusion of the hearing when the BPH explained its decision that Petitioner was not suitable for parole.  It found that Petitioner would still pose an unreasonable risk of danger if released from prison, relying on the nature of the commitment offense (in an isolated location, Petitioner stabbed the victim three times, including once in the back, and stole his car); Petitioner's criminal history (two attempts at probation after petty theft, unauthorized entry, and burglary); Petitioner's lack

3

of insight into the significance of his substance abuse history and the need for ongoing treatment, as documented in a psychological evaluation and reflected by the extent of Petitioner's participation in programs; and Petitioner's failure to take responsibility for the crime, his minimization of the commitment offense, and his lack of insight into the crime based on the inconsistency of the other evidence with Petitioner's version of the events. (Id. at 127-40.)

The Superior Court of the State of California, County of San Bernardino denied Petitioner's petition for writ of habeas corpus because there was some evidence to support the findings, including the nature of the offense, the absence of an expression of genuine remorse, and Petitioner's failure to gain insight into the gravity of his offense or into the underlying behavior that led to it. (Id. at 12-15.) The Court of Appeal of the State of California for the Fourth Appellate District (CCA) summarily denied Petitioner's petition for a writ of habeas corpus on September 8, 2011. (Id. at 11). The Supreme Court of the State of California summarily denied a petition for writ of habeas corpus on March 14, 2012. (Id. at 10.)

Petitioner contends that the BPH failed to consider all the relevant documented information concerning his accomplishments, gains, and successes in prison. Petitioner further argues that the factors relied upon by the BPH were insufficient because they failed to establish a connection or nexus between the articulated factors and Petitioner's dangerousness. Petitioner contends that these shortcomings resulted in a violation of Petitioner's right to due process of law. Petitioner argues that the state court

4

decisions upholding the denial of parole were unreasonable applications of clearly established federal law.

   III.  <u>Failure to State a Cognizable Claim</u>

   Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

   A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

   The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

   However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1]

_____

   [1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  <u>Id.</u> at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  <u>Id.</u> at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released

Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court
rejected inmates' claims that they were denied a liberty interest
because there was an absence of "some evidence" to support the
decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the
petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly
noted that California's "some evidence" rule is not a substantive
federal requirement, and correct application of California's
"some evidence" standard is not required by the federal Due

conditionally before expiration of a valid sentence, the liberty interest in
discretionary parole is only conditional and thus differs from the liberty
interest of a parolee.  Id. at 9.  Further, the discretionary decision to
release one on parole does not involve restrospective factual determinations,
as in disciplinary proceedings in prison; instead, it is generally more
discretionary and predictive, and thus procedures designed to elicit specific
facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due
process was satisfied where the inmate received a statement of reasons for the
decision and had an effective opportunity to insure that the records being
considered were his records, and to present any special considerations
demonstrating why he was an appropriate candidate for parole.  Id. at 15.

1   Process Clause.   <u>Id.</u> at 862-63.

2        In view of the <u>Swarthout</u> decision, Petitioner's claim that

3   the BPH failed to consider all relevant information lacks merit.

4   The Due Process Clause does not require the BPH to consider all

5   relevant information or to give any particular weight to any

6   specific information.   It is sufficient if, as here, the inmate

7   was given access to records in advance, an opportunity to contest

8   the evidence against him, and a statement of the reasons for the

9   denial of parole.

10       There is similarly no merit to Petitioner's claim that there

11  was not a sufficient connection or nexus between the factors

12  identified as the reasons for the decision and the conclusion

13  that Petitioner presented an unreasonable danger.   Petitioner is

14  in effect asking this Court to review the sufficiency of the

15  evidence to support the BPH's decision.   However, this type of

16  analysis is foreclosed by <u>Swarthout</u>.   Petitioner does not state

17  facts that point to a real possibility of constitutional error or

18  that otherwise would entitle Petitioner to habeas relief because

19  California's "some evidence" requirement is not a substantive

20  federal requirement.   Review of the record for "some evidence" to

21  support the denial of parole is not within the scope of this

22  Court's habeas review under 28 U.S.C. § 2254.

23       Petitioner cites state law concerning the appropriate weight

24  to be given to evidence.   To the extent that Petitioner's claim

25  or claims rest on state law, they are not cognizable on federal

26  habeas corpus.   Federal habeas relief is not available to retry a

27  state issue that does not rise to the level of a federal

28  constitutional violation.   <u>Wilson v. Corcoran</u>, 562 U.S. — , 131

1 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68

2 (1991).  Alleged errors in the application of state law are not

3 cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

4 616, 623 (9th Cir. 2002).

5 A petition for habeas corpus should not be dismissed without

6 leave to amend unless it appears that no tenable claim for relief

7 can be pleaded were such leave granted.  Jarvis v. Nelson, 440

8 F.2d 13, 14 (9th Cir. 1971).

9 The allegations in the petition and the related

10 documentation reveal that Petitioner attended the parole

11 suitability hearing, had access to his records in advance, made

12 statements to the BPH, and received a statement of reasons for

13 the BPH's decision.  Because it appears from the face of the

14 petition that Petitioner received all process that was due,

15 Petitioner could not state a tenable due process claim if leave

16 to amend were granted.  Accordingly, the petition will be

17 dismissed without leave to amend.

18 IV.  Certificate of Appealability

19 Unless a circuit justice or judge issues a certificate of

20 appealability, an appeal may not be taken to the Court of Appeals

21 from the final order in a habeas proceeding in which the

22 detention complained of arises out of process issued by a state

23 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

24 U.S. 322, 336 (2003).  A certificate of appealability may issue

25 only if the applicant makes a substantial showing of the denial

26 of a constitutional right.  § 2253(c)(2).  Under this standard, a

27 petitioner must show that reasonable jurists could debate whether

28 the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  <u>Id.</u>  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  <u>Miller-El v.
Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, the Court
will decline to issue a certificate of appealability.

V.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED

9

without leave to amend because Petitioner has failed to state
facts that would entitle him to relief in a proceeding pursuant
to 28 U.S.C. § 2254; and

    2)   The Court DECLINES to issue a certificate of
appealability; and

    3)   The Clerk is DIRECTED to close the action.


IT IS SO ORDERED.

**Dated:    July 11, 2012**                          /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE