1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAM IRWIN, | ) 1:12-cv—00970-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) WITHOUT LEAVE TO AMEND FOR |
| | ) FAILURE TO STATE FACTS ENTITLING |
| v. | ) PETITIONER TO RELIEF (Doc. 1) |
| | ) AND DECLINING TO ISSUE |
| RALPH DIAZ, Warden, | ) A CERTIFICATE OF APPEALABILITY |
| | ) |
| Respondent. | ) ORDER DIRECTING THE CLERK TO |
| | ) CLOSE THE CASE |
| _____ | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 27, 2012 (doc. 5). Pending before the Court is the petition, which was filed on June 15, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires that the Court

1

summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges that he is an inmate of the California Substance Abuse and Treatment Facility (CSATF) at Corcoran, California, who is serving a sentence of seven years to life plus

four years imposed in the San Bernardino County Superior Court in 1988 upon Petitioner's conviction of attempted first degree murder and second degree robbery with grave bodily injury and use of a deadly weapon in violation of Cal. Pen. Code §§ 664, 187, 212.5(b), 12022.7, and 12022(b). (Pet. 1.)  Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on November 22, 2010, finding Petitioner unsuitable for parole for three years.  (Id. at 4.)

Petitioner's allegations and the transcript of the parole hearing submitted with the petition reveal that Petitioner attended the parole hearing before commissioners of the BPH on November 22, 2010, with his counsel, who advocated on his behalf; gave sworn responses to the BPH about various suitability factors; and made an extensive statement on his own behalf concerning his suitability for parole.  (Id. at 69, 71-72, 77-113, 122-25.)  At the commencement of the hearing, Petitioner's counsel acknowledged that all Petitioner's rights had been met, and counsel had received all pertinent documentation.  (Id. at 76.)

The transcript of the hearing also reflects that Petitioner was present at the conclusion of the hearing when the BPH explained its decision that Petitioner was not suitable for parole.  It found that Petitioner would still pose an unreasonable risk of danger if released from prison, relying on the nature of the commitment offense (in an isolated location, Petitioner stabbed the victim three times, including once in the back, and stole his car); Petitioner's criminal history (two attempts at probation after petty theft, unauthorized entry, and burglary); Petitioner's lack

of insight into the significance of his substance abuse history and the need for ongoing treatment, as documented in a psychological evaluation and reflected by the extent of Petitioner's participation in programs; and Petitioner's failure to take responsibility for the crime, his minimization of the commitment offense, and his lack of insight into the crime based on the inconsistency of the other evidence with Petitioner's version of the events. (Id. at 127-40.)

The Superior Court of the State of California, County of San Bernardino denied Petitioner's petition for writ of habeas corpus because there was some evidence to support the findings, including the nature of the offense, the absence of an expression of genuine remorse, and Petitioner's failure to gain insight into the gravity of his offense or into the underlying behavior that led to it. (Id. at 12-15.) The Court of Appeal of the State of California for the Fourth Appellate District (CCA) summarily denied Petitioner's petition for a writ of habeas corpus on September 8, 2011. (Id. at 11). The Supreme Court of the State of California summarily denied a petition for writ of habeas corpus on March 14, 2012. (Id. at 10.)

Petitioner contends that the BPH failed to consider all the relevant documented information concerning his accomplishments, gains, and successes in prison. Petitioner further argues that the factors relied upon by the BPH were insufficient because they failed to establish a connection or nexus between the articulated factors and Petitioner's dangerousness. Petitioner contends that these shortcomings resulted in a violation of Petitioner's right to due process of law. Petitioner argues that the state court

1  decisions upholding the denial of parole were unreasonable

2  applications of clearly established federal law.

3      III.  <u>Failure to State a Cognizable Claim</u>

4      Because the petition was filed after April 24, 1996, the

5  effective date of the Antiterrorism and Effective Death Penalty

6  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh</u>

7  <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008

8  (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

9      A district court may entertain a petition for a writ of

10  habeas corpus by a person in custody pursuant to the judgment of

11  a state court only on the ground that the custody is in violation

12  of the Constitution, laws, or treaties of the United States. 28

13  U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,

14  375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,

15  16 (2010) (per curiam).

16      The Supreme Court has characterized as reasonable the

17  decision of the Court of Appeals for the Ninth Circuit that

18  California law creates a liberty interest in parole protected by

19  the Fourteenth Amendment Due Process Clause, which in turn

20  requires fair procedures with respect to the liberty interest.

21  <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

22      However, the procedures required for a parole determination

23  are the minimal requirements set forth in <u>Greenholtz v. Inmates</u>

24  <u>of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1]

25

26      [1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required
   with respect to a decision concerning granting or denying discretionary
27  parole; it is sufficient to permit the inmate to have an opportunity to be
   heard and to be given a statement of reasons for the decision made.  <u>Id.</u> at
28  16.  The decision maker is not required to state the evidence relied upon in
   coming to the decision.  <u>Id.</u> at 15-16.  The Court reasoned that because there
   is no constitutional or inherent right of a convicted person to be released

5

1   Swarthout v. Cooke, 131 S.Ct. 859, 862.   In Swarthout, the Court

2   rejected inmates' claims that they were denied a liberty interest

3   because there was an absence of "some evidence" to support the

4   decision to deny parole.   The Court stated:

5           There is no right under the Federal Constitution
            to be conditionally released before the expiration of
6           a valid sentence, and the States are under no duty
            to offer parole to their prisoners.  (Citation omitted.)
7           When, however, a State creates a liberty interest,
            the Due Process Clause requires fair procedures for its
8           vindication–and federal courts will review the
            application of those constitutionally required procedures.
9           In the context of parole, we have held that the procedures
            required are minimal.   In Greenholtz, we found
10          that a prisoner subject to a parole statute similar
            to California's received adequate process when he
11          was allowed an opportunity to be heard and was provided
            a statement of the reasons why parole was denied.
12          (Citation omitted.)

13  Swarthout, 131 S.Ct. 859, 862.   The Court concluded that the

14  petitioners had received the process that was due as follows:

15          They were allowed to speak at their parole hearings
            and to contest the evidence against them, were afforded
16          access to their records in advance, and were notified
            as to the reasons why parole was denied....
17
            That should have been the beginning and the end of
18          the federal habeas courts' inquiry into whether
            [the petitioners] received due process.
19
20  Swarthout, 131 S.Ct. at 862.   The Court in Swarthout expressly

21  noted that California's "some evidence" rule is not a substantive

22  federal requirement, and correct application of California's

23  "some evidence" standard is not required by the federal Due

24  conditionally before expiration of a valid sentence, the liberty interest in
    discretionary parole is only conditional and thus differs from the liberty
25  interest of a parolee.  Id. at 9.  Further, the discretionary decision to
    release one on parole does not involve restrospective factual determinations,
26  as in disciplinary proceedings in prison; instead, it is generally more
    discretionary and predictive, and thus procedures designed to elicit specific
27  facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due
    process was satisfied where the inmate received a statement of reasons for the
28  decision and had an effective opportunity to insure that the records being
    considered were his records, and to present any special considerations
    demonstrating why he was an appropriate candidate for parole.  Id. at 15.

1  Process Clause.  <u>Id.</u> at 862-63.

2      In view of the <u>Swarthout</u> decision, Petitioner's claim that

3  the BPH failed to consider all relevant information lacks merit.

4  The Due Process Clause does not require the BPH to consider all

5  relevant information or to give any particular weight to any

6  specific information.  It is sufficient if, as here, the inmate

7  was given access to records in advance, an opportunity to contest

8  the evidence against him, and a statement of the reasons for the

9  denial of parole.

10     There is similarly no merit to Petitioner's claim that there

11 was not a sufficient connection or nexus between the factors

12 identified as the reasons for the decision and the conclusion

13 that Petitioner presented an unreasonable danger.  Petitioner is

14 in effect asking this Court to review the sufficiency of the

15 evidence to support the BPH's decision.  However, this type of

16 analysis is foreclosed by <u>Swarthout</u>.  Petitioner does not state

17 facts that point to a real possibility of constitutional error or

18 that otherwise would entitle Petitioner to habeas relief because

19 California's "some evidence" requirement is not a substantive

20 federal requirement.  Review of the record for "some evidence" to

21 support the denial of parole is not within the scope of this

22 Court's habeas review under 28 U.S.C. § 2254.

23     Petitioner cites state law concerning the appropriate weight

24 to be given to evidence.  To the extent that Petitioner's claim

25 or claims rest on state law, they are not cognizable on federal

26 habeas corpus.  Federal habeas relief is not available to retry a

27 state issue that does not rise to the level of a federal

28 constitutional violation.  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131

1  S.Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68

2  (1991).  Alleged errors in the application of state law are not

3  cognizable in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d

4  616, 623 (9th Cir. 2002).

5  A petition for habeas corpus should not be dismissed without

6  leave to amend unless it appears that no tenable claim for relief

7  can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440

8  F.2d 13, 14 (9th Cir. 1971).

9  The allegations in the petition and the related

10  documentation reveal that Petitioner attended the parole

11  suitability hearing, had access to his records in advance, made

12  statements to the BPH, and received a statement of reasons for

13  the BPH's decision.  Because it appears from the face of the

14  petition that Petitioner received all process that was due,

15  Petitioner could not state a tenable due process claim if leave

16  to amend were granted.  Accordingly, the petition will be

17  dismissed without leave to amend.

18  IV.  <u>Certificate of Appealability</u>

19  Unless a circuit justice or judge issues a certificate of

20  appealability, an appeal may not be taken to the Court of Appeals

21  from the final order in a habeas proceeding in which the

22  detention complained of arises out of process issued by a state

23  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

24  U.S. 322, 336 (2003).  A certificate of appealability may issue

25  only if the applicant makes a substantial showing of the denial

26  of a constitutional right.  § 2253(c)(2).  Under this standard, a

27  petitioner must show that reasonable jurists could debate whether

28  the petition should have been resolved in a different manner or

1  that the issues presented were adequate to deserve encouragement

2  to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

3  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

4  certificate should issue if the Petitioner shows that jurists of

5  reason would find it debatable whether the petition states a

6  valid claim of the denial of a constitutional right and that

7  jurists of reason would find it debatable whether the district

8  court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

9  529 U.S. 473, 483-84 (2000).

10      In determining this issue, a court conducts an overview of

11  the claims in the habeas petition, generally assesses their

12  merits, and determines whether the resolution was debatable among

13  jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

14  applicant to show more than an absence of frivolity or the

15  existence of mere good faith; however, it is not necessary for an

16  applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

17  <u>Cockrell</u>, 537 U.S. at 338.

18      A district court must issue or deny a certificate of

19  appealability when it enters a final order adverse to the

20  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

21      Here, it does not appear that reasonable jurists could

22  debate whether the petition should have been resolved in a

23  different manner.  Petitioner has not made a substantial showing

24  of the denial of a constitutional right.  Accordingly, the Court

25  will decline to issue a certificate of appealability.

26      V.  <u>Disposition</u>

27      Accordingly, it is ORDERED that:

28      1)  The petition for writ of habeas corpus is DISMISSED

9

1    without leave to amend because Petitioner has failed to state

2    facts that would entitle him to relief in a proceeding pursuant

3    to 28 U.S.C. § 2254; and

4          2)   The Court DECLINES to issue a certificate of

5    appealability; and

6          3)   The Clerk is DIRECTED to close the action.

7

8    IT IS SO ORDERED.

9    **Dated:    July 11, 2012**                    _____/s/ Sheila K. Oberto_____
                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28